UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 15-1118 JGB (SPx) | Date | July 29, 2015 |
| Title | Constructure Inc. v. Dayton Superior Corporation | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   **Order (1) GRANTING Plaintiff Leave to Amend; (2) ACCEPTING Plaintiff's filing of the First Amended Complaint (Doc. No. 13); (3) DENYING AS MOOT Defendant's Motion to Dismiss (Doc. No. 8); and (4) VACATING the August 17, 2015 Hearing (IN CHAMBERS)**

    Plaintiff Constructure Inc. ("Plaintiff") filed a Complaint against Defendant Dayton Superior Corporation ("Defendant") in California Superior Court for the County of Riverside in March 2015. Defendant removed the case to this Court and then filed a Motion to Dismiss the Complaint on June 16, 2015, setting the hearing on its Motion for August 17, 2015. ("Motion," Doc. No. 8.)

    On July 27, 2015, Plaintiff both filed a First Amended Complaint, ("FAC," Doc. No. 13), and opposed the Motion to Dismiss, ("Opp'n," Doc. No. 14). Plaintiff's arguments in Opposition are largely based on the changes made in the FAC, which attempt to address the concerns expressed by Defendant in the Motion to Dismiss. (Id.) The filing of an amended complaint, however, renders moot a pending motion to dismiss that was filed in response to a previous version of the complaint. See No Cost Conference, Inc. v. Windstream Commc'ns, Inc., 940 F. Supp. 2d 1285, 1297 n.5 (S.D. Cal. 2013) ("The Court's conclusion here renders Wind. Inc.'s motion to dismiss the original Complaint moot, as a newly amended complaint supercedes the previously filed complaint and renders it 'non-existent.'"); Wagner v. Choice Home Lending, 266 F.R.D. 354, 360 (D. Ariz. 2009) ("As both motions pertain to Plaintiff's original complaint and Plaintiff has since filed an Amended Complaint, both Motions are now moot.").

  Although Plaintiff improperly filed its FAC without either the Court's leave or Defendant's consent,[1] judicial economy would not be served by striking the FAC and considering the original Complaint and Motion to Dismiss, given that Plaintiff has made significant changes to its pleading.[2]  Moreover, the Court is cognizant of the fact that leave to amend should generally be freely given.  See Fed. R. Civ. P. 15(a)(2).  Accordingly, the Court GRANTS Plaintiff retroactive leave to amend and ACCEPTS Plaintiff's filing of the FAC.  The FAC shall be deemed served on Defendant as of the date of this Order.  See L.R. 15-3.

  In light of the FAC, the Court DENIES AS MOOT Defendant's Motion to Dismiss and VACATES the August 17, 2015 hearing.[3]

  **IT IS SO ORDERED.**

---

[1] A plaintiff may voluntarily amend its complaint within twenty-one days after service of (a) the complaint, (b)  a responsive pleading, or (c) a Rule 12 motion, whichever comes first.  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

[2] The Court cautions Plaintiff that any future attempt to amend will require Plaintiff to first obtain either the Court's leave or Defendant's written consent.

[3] To be clear, Defendant may, of course, timely move to dismiss the FAC.  The Court expresses no opinion as to whether such a motion might be granted.